IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:19-CV-403 |
| | § | |
| WE BUILD THE WALL, INC., | § | |
| FISHER INDUSTRIES, FISHER SAND | § | |
| AND GRAVEL CO., AND NEUHAUS & | § | |
| SONS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**COMPLAINT FOR INJUNCTIVE RELIEF**
___

This is a civil action brought by the United States of America at the request of the United States International Boundary and Water Commission, seeking temporary and permanent injunctive relief against Defendants We Build the Wall, Inc., Fisher Industries, Fisher Sand and Gravel Co., and Neuhaus & Sons, LLC to stop the construction of a bollard wall along the bank of the Rio Grande River.

**PARTIES**

1.  Defendant We Build the Wall, Inc. is a nonprofit, tax-exempt advocacy organization out of the State of Florida and can be served through its registered agent Cogency Global, Inc. 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

2.  Defendant Fisher Industries is a subsidiary of Fisher Sand and Gravel Co. and can be served through its agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Fisher Sand and Gravel Co. is a North Dakota corporation and can be served through its agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant Neuhaus and Sons, LLC is a Texas limited liability corporation and can be served through its agent, Eugene R. Vaughan, III, 2300 West Pike Blvd., Suite 300, Weslaco, TX 78596.

5. Plaintiff is the United States of America.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case arises under the Constitution, statutes, and Articles 23 and 24 of the 1944 Treaty between the United States and Mexico (*Utilization of Waters of the Colorado and Tijuana Rivers and of the Rio Grande*, US – Mex, Feb. 3, 1944, TS 944.).

7. Venue is proper in the Southern District of Texas, McAllen Division under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the these claims have occurred along the bank of the Rio Grande River in Hidalgo County, Texas. Additionally, the property on which the construction the United States seeks to enjoin is located in Hidalgo County, Texas.

## BACKGROUND

8. In the 1930's, the International Boundary and Water Commission, United States and Mexico, United States Section ("USIBWC") constructed the Lower Rio Grande Flood Control Project ("LRGFCP") (initial authorization in Title II of the National Industrial Recovery Act of June 13, 1933, 48 Stat. 195, Public Works Administration funds; further work Act of August 19, 1935, 49 Stat. 660, codified at 22 U.S.C. § 277a, b, c, and d). The purpose of the project is to

provide flood protection for communities along the Rio Grande River from Peñitas, Texas, to the Gulf of Mexico. The Project includes, in part, river levees and floodways adjacent and parallel to the mainstem of the Rio Grande River in Hidalgo County, Texas. The LRGFCP was improved between 1958 and 1961, and again in 1970.

9. In 1961, the State of Texas deeded to the USIBWC the bed and banks of the Rio Grande River in Hidalgo County.

10. The United States and Mexico entered into a treaty in 1970 which requires, in part, that the United States prohibit any works in the United States that will, in the judgment of the Commission, cause deflection or obstruction of the normal flow of the Rio Grande River or its flood flows. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, U.S.- Mex., Art. IV, Nov. 23, 1970, T.I.A.S. 7313.) Further, the United States agreed that the international boundary between the United States and Mexico in the limitrophe sections of the Rio Grande shall run along the middle of the channel occupied by normal river flows and that this boundary determines sovereignty over the lands on either side of it. (*Id.* at Art. II. A.) To stabilize the river channel and preserve the location of the international boundary the United States and Mexico agreed to various obligations and other treaty provisions in order to reduce the shifting of the channels of the Rio Grande, in their limitrophe sections and to protect the Rio Grande against erosion. (*Id.* at Art. IV.)

11. To implement the United States' 1970 Treaty obligations, the USIBWC requires proponents of projects in the US floodplain to submit hydraulic modeling for their project to the USIBWC. The USIBWC analyzes the hydraulic model and confers with its Mexican counterpart about the analysis. If there is no deflection or obstruction, the USIBWC issues a letter of no

objection to the project proponent. If there is a deflection or obstruction, the USIBWC typically requests that the proponent modify its project.

12.     Under Article 24 of the 1944 Treaty, the USIBWC "shall have, to the extent necessary to give effect to the provisions of this Treaty, jurisdiction over the works constructed exclusively in the territory of its country whenever such works shall be connected with or shall directly affect the execution of the provisions of this Treaty."  Article 24 also provides that the USIBWC Commissioner may invoke the jurisdiction of the courts or other appropriate agencies of the United States to aid in the execution and enforcement of the powers and duties the Commission is entrusted and empowered to implement under this and other treaties. (*Utilization of Waters of the Colorado and Tijuana Rivers and of the Rio Grande*, US -Mex, Feb. 3, 1944, T.S. 944.)

## FACTS

13.     An organization called We Build the Wall ("WBTW") has contracted with Fisher Industries, a subsidiary of Fisher Sand and Gravel Co., to construct a bollard structure, wall or similar structure in the floodplain along the Rio Grande River in an area near RGV03 by Bentsen State and Anzalduas Park, south of Mission, TX.

14.     WBTW acquired a legal interest in the land along the bank and within the floodplain of the Rio Grande River from Neuhaus & Sons, LLC ("Neuhaus") in order to construct a bollard structure, wall or similar structure.  The land from which WBTW acquired an interest is described as an 807.73 gross acre tract of land out of the WEST ADDITION TO SHARYLAND SUBDIVISION, Lots 9-1, 9-2, and Parts of Lots 9-3, 9-4 and Parts of Lots 10-1, 10-2, and 10-3 and Part of Porcion 53 and 54, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 1, Page 56, Map Records, Hidalgo County, Texas as described in the Special Warranty

Deed filed as Document No. 2752394, Official Records of Hidalgo County, Texas (hereinafter described in its entirety as the "Neuhaus Property").

15. On or about the evening of November 13, 2019, Fisher Industries submitted to USIBWC two documents with regard to the hydraulic impact of their proposed bollard structure. The documents submitted contained very little substance and failed to show the extent of any hydraulic testing that may have been conducted by WBTW or Fisher Industries. This documentation provided scant detail about the planned work on the bank of the Rio Grande.

16. On or about November 15, 2019, the USIBWC emailed Fisher Industries and WBTW through its general counsel, Kris Kobach, and requested that they: 1) Submit a completed hydraulic analysis and packet of additional materials for analysis by the USIBWC pursuant to the 1970 treaty; 2) cease construction of the bollard structure until the USIBWC could analyze the model, confer with Mexico, and issue a letter as to whether there is a deflection or obstruction as a result of the construction; and 3) stop utilizing a USIBWC levee for vehicular traffic.

17. On or about November 15, 2019, WBTW and Fisher Industries began clearcutting a swath beginning at the bank of the Rio Grande River and clearing inland approximately 120 feet wide. To date, WBTW has completely cleared almost the entirety of the riverbank and continues to clear cut the remaining land on which Defendants intend to construct a bollard structure, wall or similar structure.

18. On or about November 19, 2019, the USIBWC sent to Fisher Industries the model required for projects in the U.S. floodplain.

19. On or about November 19, 2019, USIBWC sent to Fisher Industries and WBTW an email asking for more detail about their project's impact on the banks of the Rio Grande.

20. On or about November 20, 2019, WBTW announced during an interview with a local news network that it would not do any construction activity until the USBIWC completed its hydraulic analysis.

21. On or about November 20, 2019, WBTW posted tweets on its twitter feed that reflected that Fisher Industries and WBTW were altering the character of the bank of the Rio Grande River.

> https://twitter.com/briankolfage/status/1197504335388794880?s=12;
> https://twitter.com/briankolfage/status/1197526566512812034?s=12

22. The vegetation removal and grading of the banks of the Rio Grande River by Fisher Industries and WBTW was not permitted by USIBWC, the owner of the banks of the Rio Grande River.

23. On or about November 21, 2019, Fisher Industries confirmed: that it would not commence construction of a bollard fence until USIBWC conducted its hydraulic analysis; that it was removing vegetation from the riverbank and grading it; and that its work on the riverbank would be included in its hydraulic analysis for its construction project.

24. Despite the confirmation stated in paragraph 23, on or about December 3, 2019, WBTW posted on its website a video and message which stated in part, "The wall is going up this week no matter what, we will not stop until it's finished."

> https://webuildthewall.us/wall-update-donation-2/

25. Despite the confirmation stated in paragraph 23, on or about December 4, 2019, Defendants continued to work on the Neuhaus Property trenching and moving metal rebar pieces into location along the trench.

## CAUSES OF ACTION

### A. Injunction to Enforce Treaty

26. The construction of a bollard structure, wall, or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property may cause an obstruction or deflection of the flood and river flows of the Rio Grande River that the United States is obligated to prohibit pursuant to the 1970 Treaty between the United States and Mexico.  (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, U.S.-Mex, Art. IV, Nov. 23, 1970, T.I.A.S. 7313).

27. The construction of a bollard structure, wall or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property without hydraulic studies completed by WBTW and Fisher Industries and subsequent analysis by the USIBWC for deflection and obstruction of water may cause a violation of the 1970 Treaty between the United States and Mexico.  (*Id.*)

28. Allowing the construction of a bollard structure, wall or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property without USIBWC conference with Mexico may cause a violation of the 1970 Treaty between the United States and Mexico.  (*Id.*)

29. The construction of a bollard structure, wall or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property that causes deflection or obstruction of water could trigger the obligation under the 1970 Treaty for the United States to remove or modify such structure (id.), including as authorized by 22 U.S.C. § 277d-34.

30. The vegetation removal and grading of the banks of the Rio Grande River along the Neuhaus Property which is the property of the USIBWC, by Fisher Industries and WBTW, may cause a shift of the Rio Grande river channel and, therefore, a shift of the international boundary line which runs in the center of the riverbed, may cause a violation of the 1970 Treaty, (*Id.* at II, Art. IV) and is contrary to President's authority under Article II of the Constitution, including the power to conduct the foreign relations of the United States.

**B.** **Injunction to Prevent Statutory Violation**

31. The construction of a bollard structure, wall or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property without USIBWC permission impedes the authority of the President under Article II of the Constitution as well as the authority of the USIBWC under the 1944 and 1970 Treaties and various statutes with respect to construction impacting the U.S. border and related interests, including: 22 U.S.C. § 277b (authorizing the President, among other things, "to construct any project or works designed to facilitate compliance with the provisions of treaties between the United States and Mexico"); 22 U.S.C. § 277d-35 (authorizing the USIBWC Commissioner to construct all works provided for in the 1970 Treaty, and to turn over the operation and maintenance of such works to other public entities); and 22 U.S.C. § 2774-34 (authorizing the Secretary of State, though the Commissioner, "to remove, modify, or repair the damages caused to Mexico by works constructed in the United States" that are determined to have an adverse effect on Mexico).

32. The construction of a bollard structure, wall or similar structure by WBTW and Fisher Industries along the bank and in the floodplain of the Rio Grande River on the Neuhaus Property without USIBWC permission impedes the President's authority under Article II of the Constitution, the USIBWC's authority under the 1970 Treaty, and the Commissioner's and

Secretary of State's authority by statute, including 22 U.S.C.A. § 277d-37, to determine the appropriate location of the international border and to make decisions that are final with respect to it.

## RELIEF REQUESTED

33. The United States seeks a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining WBTW and Fisher Industries from constructing a bollard structure, wall or similar structure along the bank and within the floodplain of the Rio Grande River on the Neuhaus Property until such time as WBTW and Fisher Industries comply with the requirements of the USIBWC pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.)

34. The United States seeks a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining WBTW and Fisher Industries from constructing a bollard structure, wall or similar structure along the bank and within the floodplain of the Rio Grande River on the Neuhaus Property until such time as USIBWC fulfills its analysis and other requirements pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.)

35. The United States seeks a preliminary injunction order pursuant to Rule 65 of the Federal Rules of Civil enjoining WBTW and Fisher Industries from further work impacting the bank of the Rio Grande River on the Neuhaus Property until such time as USBIWC reviews the proposed changes to the embankment and issues a permit allowing such modification.

WHEREFORE, the United States requests that the Court enter findings that Defendants We Build the Wall, Inc., Fisher Industries, Fisher Sand and Gravel Co., and Neuhaus & Sons, LLC have failed to comply with requirements pursuant to the President's authority under Article II of the Constitution, USIBWC requirements pursuant to the terms of the 1970 Treaty between the United States and Mexico (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313), and relevant statutes cited above. The United States further requests that the Court issue a temporary restraining order and after hearing, a preliminary injunction, enjoining Defendants from constructing a bollard structure, wall or similar structure on the Neuhaus Property until such time as Defendants comply with the requirements of the USIBWC, and the USIBWC completes its analysis and other requirements, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas
**DANIEL DAVID HU**
Chief, Civil Division

By:    *s/ E. Paxton Warner*
**E. PAXTON WARNER**
Assistant United States Attorney
Southern District of Texas No. 555957
Texas Bar No. 24003139
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Paxton.Warner@usdoj.gov

Attorney in Charge for the United States of America

And

JOHN A. SMITH, III
Assistant United States Attorney
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: john.a.smith@usdoj.gov

Attorney for the United States of America