# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:19-CV-403 |
| FISHER INDUSTRIES, FISHER SAND AND GRAVEL CO., AND NEUHAUS & SONS, LLC, | § § § § § | |
| *Defendants.* | § § | |

## AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff United States of America, having filed its Complaint, seeking, *inter alia*, a temporary restraining order, preliminary injunction and other equitable relief in this matter, and having moved for an Emergency Temporary Restraining Order and other relief under Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court, having considered the Complaint, motion and affidavits filed in support and having heard arguments of counsel for the parties for and against the requested relief at a status conference held on December 12, 2019, finds that:

## FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over Defendants.

2. Venue lies properly with this Court.

3. There is good cause to believe that Defendants Fisher Industries, Fisher Sand and Gravel Co. and their subsidiaries have engaged in, and are likely to engage in, acts that violate

or have violated the requirements of the USIBWC pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.).

4. There is good cause to believe that the United States has a substantial likelihood of prevailing on the merits of this action.

5. There is good cause to believe that the United States has suffered and will continue to suffer immediate and irreparable damage if the temporary restraining order is not granted.

6. There is good cause to believe that the threatened injury to the United States substantially outweighs any threatened harm to the Defendants.

7. There is good cause to believe that granting the temporary restraining order will not disserve the public interest.

8. **THEREFORE, IT IS ORDERED** that Plaintiff United States' Motion for a Temporary Restraining Order and Preliminary Injunction is hereby **GRANTED and AMENDED** as follows. Pending a preliminary injunction hearing, Defendants Fisher Industries and Fisher Sand and Gravel Co. (and any entity acting on their behalves who receive actual notice of this Order) are hereby immediately restrained and enjoined as follows:

    (a) Constructing a bollard structure, wall or similar structure, pouring concrete or any other permanent structure within the floodplain within the floodplain of the Rio Grande River on land described as an 807.73 gross acre tract of land out of the WEST ADDITION TO SHARYLAND SUBDIVISION, Lots 9-1, 9-2, and Parts of Lots 9-3, 9-4 and Parts of Lots 10-1, 10-2, and 10-3 and Part of Porcion 53 and 54, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 1, Page 56, Map Records, Hidalgo County, Texas as described in the Special Warranty Deed filed as Document No. 2752394, Official Records of Hidalgo County, Texas (See Exhibit 1 to the United States' Motion Docket No. 5) until such time as WBTW and Fisher Industries comply with the requirements of the USIBWC pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary*

*Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.);

(b) Shaving, excavating, grading or cutting of the bank of the Rio Grande River and all construction activities of any kind from the water's edge of the Rio Grande River to the location of the trench containing rebar which is constructed for the installation of the bollard wall as it exists on December 12, 2019 along the portion described in paragraph (a) until such time as USIBWC fulfills its analysis and other requirements pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.); and

(c) Nothing in this order prohibits Defendants Fisher Industries, Fisher Sand and Gravel, Co. and any related entities from certain specified activities, and accordingly, such Defendants are permitted to clear and grub except in that portion specified above in paragraph (b) and the Rio Grande River, construct the trench in which Defendants propose to construct the bollard wall, place rebar and conduit in the trench and seed and plant those portions of the bank which were graded prior to the Court's Temporary Restraining Order entered on December 5, 2019 (Docket No. 7).

IT IS FURTHER **ORDERED**:

9. No bond is required by the United States of America pursuant to Rule 65(c) F.R.C.P.

10. This Amended Temporary Restraining Order shall expire at 6:00 pm on December 20, 2019, unless extended by agreement of the parties or extended by further order of this Court. The Court hereby sets this matter for a temporary injunction hearing on December 20, 2019 at _____, a.m.

11. The Court will hold a status hearing on Thursday, December 19, 2019 beginning at 1:30 p.m. The parties may file a written status report by Wednesday, December 18, 2019 at 5:00 p.m. requesting that the status conference be continued.

IT IS SO **ORDERED**.

**SIGNED** and issued at _____ \_\_.m., this \_\_\_\_ day of _____, 2019.

_____
**RANDY CRANE**
UNITED STATES DISTRICT JUDGE