UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CIVIL ACTION NO. 7:19-CV-00403 |
| | § |
| FISHER INDUSTRIES, *et al*, | § |
| | § |
| Defendants. | § |

## AGREED AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff United States of America and Defendants Fisher Industries, Fisher Sand and Gravel Co., TGR Construction, Inc. (collectively "Fisher Defendants") and Neuhaus and Sons, LLC, agree to the entry of this Agreed Amended Temporary Restraining Order. (The Court notes that the Findings of Fact contained herein have been agreed by the parties who have asked the Court to enter this Order, While such Findings of Fact largely appear to be accurate, the Court has not made any independent determination of all such facts and, therefore, does not consider itself bound by any such agreed Findings of Fact at any future hearing or in any future order.)

### FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over Defendants.

2. Venue lies properly with this Court.

3. There is good cause to believe that the Fisher Defendants and their subsidiaries have engaged in, and are likely to engage in, acts that violate or have violated the requirements of the USIBWC pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences*

*and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.).

4. There is good cause to believe that the United States has a substantial likelihood of prevailing on the merits of this action.

5. There is good cause to believe that the United States has suffered and will continue to suffer immediate and irreparable damage if the temporary restraining order is not granted.

6. There is good cause to believe that the threatened injury to the United States substantially outweighs any threatened harm to the Defendants.

7. There is good cause to believe that granting the temporary restraining order will not disserve the public interest.

8. **THEREFORE, IT IS ORDERED** that Plaintiff United States' Motion for a Temporary Restraining Order and Preliminary Injunction is hereby **GRANTED and AMENDED** as follows. Pending a preliminary injunction hearing, the Fisher Defendants (and any entity acting on their behalves who receive actual notice of this Order) are hereby immediately restrained and enjoined as follows:

    a. Constructing a bollard structure, wall or similar structure, pouring concrete or any other permanent structure within the floodplain within the floodplain of the Rio Grande River on land described as an 807.73 gross acre tract of land out of the WEST ADDITION TO SHARYLAND SUBDIVISION, Lots 9-1, 9-2, and Parts of Lots 9-3, 9-4 and Parts of Lots 10-1, 10-2, and 10-3 and Part of Porcion 53 and 54, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 1, Page 56, Map Records, Hidalgo County, Texas as described in the Special Warranty Deed filed as Document No. 2752394, Official Records of Hidalgo County, Texas (See Exhibit 1 to the United States' Motion Docket No. 5) until such time as the Fisher Defendants comply with the requirements of the USIBWC pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain*

  *the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.);

 b. Shaving, grading or cutting of the bank of the Rio Grande River along the portion described in paragraph (a) until such time as USIBWC fulfills its analysis and other requirements pursuant to the 1970 Treaty between the United States and Mexico. (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary*, US – Mex, Nov. 23, 1970, TIAS 7313.); and

 c. Nothing in this order prohibits the Fisher Defendants, and any related entities from certain specified activities, and accordingly, such Defendants are permitted to clear and grub, construct the trench in which Defendants propose to construct the bollard wall, place rebar and conduit in the trench and seed and plant those portions of the bank which have been graded.

IT IS FURTHER **ORDERED**:

9. No bond is required by the United States of America pursuant to Rule 65(c) F.R.C.P.

10. This Amended Temporary Restraining Order shall expire at 5:00 p.m. on January 3, 2020, unless extended by agreement of the parties or extended by further order of this Court.

11. The Court hereby sets this matter for a preliminary injunction hearing on **January 3, 2020, at 10:00 a.m.** before the Honorable Randy Crane, 9th Floor Courtroom, Bentsen Tower, McAllen, Texas.

SO ORDERED this 18th day of December, 2019, at McAllen, Texas.

                */s/ Randy Crane*
                Randy Crane
                United States District Judge

AGREED AS TO FORM AND SUBSTANCE:

*s/E. Paxton Warner*
Attorney in Charge for the United States of America

AGREED AS TO FORM AND SUBSTANCE EXCEPT AS TO THE FINDINGS ENUMERATED IN PARAGRAPHS 3 THROUGH 7:

*s/ Mark Courtois* by permission
Attorney in Charge for the Fisher Defendants

*s/ Lance Kirby* by permission
Attorney in Charge for Neuhaus & Sons, LLC