IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> VS. <br><br> WE BUILD THE WALL, INC., <br> FISHER INDUSTRIES, FISHER SAND <br> AND GRAVEL CO., AND NEUHAUS & <br> SONS, LLC, <br>     Defendants | § § § § § § § § § § § | CASE NO. 7:19-CV-00403 |

**DEFENDANT NEUHAUS & SONS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, NEUHAUS & SONS, LLC, (hereinafter referred to as "Neuhaus"), Defendant in the above-styled and numbered cause, and respectfully submits its Original Answer to Plaintiff's First Amended Complaint for Injunctive Relief and in support thereof, would respectfully show the Court as follows:

**ADMISSIONS & DENIALS**

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 2.

3. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5.	Defendant admits the allegations in paragraph 5.

6.	Defendant admits the allegations in paragraph 6.

7.	Defendant admits the allegations in paragraph 7.

8.	Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 8.

9.	Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 9.

10.	Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 10.

11.	Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 11.

12.	Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 12.

13.	Defendant denies the allegations in paragraph 13 that Neuhaus contracted with Fisher Industries and/or Fisher Sand and Gravel Co. to construct a bollard structure, wall or similar structure. Defendant contracted with TGR Construction, Inc. solely for the purpose of leasing its land to it. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises.

14.	Defendant denies the allegations in paragraph 14 that the Fisher Defendants acquired a legal interest in Defendant's land other than a leasehold interest for approximately 80 feet along the river bank with the option to purchase this property. Defendant leased its property to TGR Construction, Inc. The lease gives TGR

Construction, Inc. control over the leased premises.

15. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 16.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 17.

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 20.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 21.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 22.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 23.

24. Defendant denies the allegation in paragraph 24 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant

lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

25. Defendant denies the allegation in paragraph 25 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

26. Defendant denies the allegation in paragraph 26 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

27. Defendant denies the allegation in paragraph 27 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

28. Defendant denies the allegation in paragraph 28 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction,

Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

29. Defendant denies the allegation in paragraph 29 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

30. Defendant denies the allegation in paragraph 30 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

31. Defendant denies the allegation in paragraph 31 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

32. Defendant denies the allegation in paragraph 32 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant

leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

33. Defendant denies the allegation in paragraph 33 that it is involved in the construction of a bollard structure, wall, or similar structure on its property. Defendant leased an approximate 80 foot strip along the river of its property to TGR Construction, Inc. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations about the Fisher Defendants.

34. Defendant denies that Plaintiff is entitled to the relief sought against this Defendant in its Prayer since this Defendant has had no involvement in any construction activity on the property leased to TGR Construction, Inc. Defendant denies that any injunction should issue against it.

## PRAYER

35. For these reasons, defendant asks the Court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the Court deems appropriate.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.

By: _____
LANCE A. KIRBY
Texas State Bar No. 00794096
Fed. ID No. 21811
2300 W. Pike Blvd., Ste. 300
Weslaco, Texas 78596
(956) 968-5402
(956) 969-9402 Fax
Email: lakirby@jgkl.com

*Attorney in Charge for Defendant,
Neuhaus & Sons, LLC*

CERTIFICATE OF SERVICE

I certify that on December 27, 2019, a copy of the foregoing was electronically filed using the CM/ECF system, which will automatically serve a Notice of Filing on the following attorneys:

E. Paxton Warner
Assistant United States Attorney
1701 W. Bus. Highway 83, Suite 600
McAllen, Texas 78501

John A. Smith, III
Assistant United States Attorney
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
*Attorneys for Plaintiff, United States of America*

Mark Courtois
Funderburk Funderburk Courtois, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
*Attorneys for Fisher Defendants*

_____
LANCE A. KIRBY