UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:19-CV-403 |
| FISHER INDUSTRIES, FISHER SAND AND GRAVEL CO., AND NEUHAUS & SONS, LLC, | § § § § § | |
| *Defendants.* | § § | |

DEFENDANTS' ORIGINAL ANSWER to
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FISHER INDUSTRIES, FISHER SAND AND GRAVEL Co, and TGR CONSTRUCTION, INC., Defendants in the above-entitled and numbered cause and, file this their Answer and would respectfully show this court as follows:

I.

FIRST DEFENSE

Defendants would show that the Plaintiff's complaint fails to state a claim upon which relief can be granted.  Specifically, Defendants would show that Plaintiff has waived enforcement of all federal laws and regulations relating to the subject property area for the construction of roads and physical barriers (including, but not limited to, accessing the project area, creating and using staging areas, the conduct of border of earthwork, excavation, fill, and site preparation, and installation and upkeep of physical barriers, roads, supporting elements, drainage, erosion controls, safety features,

1

lighting, cameras, and sensors in the project area of which this property is included. 83 FR 51472, FR Doc. 2018-22063. Accordingly, Plaintiff's action against these Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.

SECOND DEFENSE

In specific response to the allegations contained in United States of America's First Amended Complaint for Injunctive Relief, Defendants respectfully respond as follows:

1. The allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint are denied to the extent that Fisher Industries is not a subsidiary of any other Fisher company; rather it is not a separate legal entity but a trade name under which the Fisher companies are collectively referred.

2. The allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint are admitted.

3. The allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint are admitted.

4. The allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint are admitted.

5. The allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint are admitted.

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are admitted.

7. The allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint are admitted.

8. The historical allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint have not been researched by this Defendant but on general information and belief are admitted.

9. The historical allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint are admitted.

10. The historical allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint are admitted.

11. The allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint are not capable of being admitted or denied by this Defendant.

12. The allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint are admitted.

13. The allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint are admitted to the extent that TGR Construction, Inc. obtained an interest in the Neuhaus property for the purpose of constructing a border fence, otherwise, the remaining allegations are denied.

14. The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint are admitted to the extent that TGR Construction, Inc. obtained an interest in the Neuhaus property for the purpose of constructing a border fence, otherwise, the remaining allegations are denied.

15. The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint are admitted to the extent that information was provided but denied as the

characterization of that information.

16. The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint are admitted.

17. The allegations contained in Paragraph 17 are admitted to the extent that a section of the subject property along the Rio Grande was cleared of growth and debris, and has placed materials in advance of constructing a fence, but denies that any fence structure has been built.

18. The allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint are admitted to the extent that USIBWC did have communications with this Defendant, but denied to the extent of what was sent.

19. The allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are admitted.

20. The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint are admitted to the extent that references were made that the fence would not be constructed until USIBWC completed its analysis.

21. The allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint are denied.

22. The allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint are admitted.

23. The allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint are admitted to the extent that a fence has still not been constructed on the subject property, but denied to the extent that Plaintiff infers that the placement of rebar by itself equates to the construction of a fence structure.

24. The allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint are denied.

25. The allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint are denied.

26. The allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint are denied.

28. The allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint are denied.

29. The allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint are denied.

31. The allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint are denied.

32. The allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint are denied.

34. The allegations contained in prayer paragraph of Plaintiff's First Amended Complaint are required or necessary.

WHEREFORE, PREMISES CONSIDERED, Defendants deny that injunctive

relief is necessary or appropriate and pray that the government's request for Injunctive relief be denied.

/s/ Mark J. Courtois
MARK J. COURTOIS
Texas Bar No. 04897650
Email: mjcourtois@ffllp.com
Direct: 713-620-7226

FUNDERBURK FUNDERBURK COURTOIS, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas  77019
(713) 526-1801
(713) 526-2708 - FAX

Attorneys for FISHER INDUSTRIES, FISHER SAND AND GRAVEL Co, and TGR CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

I, MARK J. COURTOIS, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known Filing Users AND has been accomplished by Notice of Electronic Filing pursuant to Local Administrative Procedure 9(a) on this, the 27th day of December, 2019.

*/s/ Mark J. Courtois*
MARK J. COURTOIS