```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                         MCALLEN DIVISION



UNITED STATES OF AMERICA,    )   CASE NO:  7:19-CV-00403
                             )
          Plaintiff,         )         CIVIL
                             )
    vs.                      )      McAllen, Texas
                             )
FISHER INDUSTRIES, INC,      )   Thursday, January 9, 2020
ET AL,                       )
                             )    (1:45 p.m. to 1:51 p.m.)
          Defendants.        )
NORTH AMERICAN BUTTERFLY     )
ASSOCIATION, ET AL,          )
                             )
          Plaintiffs,        )   CASE NO:  7:19-CV-00411
                             )
    vs.                      )
                             )
WE BUILD THE WALL, INC,      )
ET AL,                       )
                             )
          Defendants.        )

                        RULING OF COURT

              BEFORE THE HONORABLE RANDY CRANE,
                UNITED STATES DISTRICT JUDGE



APPEARANCES:             SEE PAGE 2


Court Recorder [ECRO]:   Rick Rodriguez

Transcribed By:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, Texas 78468
                         361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | PAXTON WARNER, ESQ.<br>Assistant United States Attorney<br>1701 W. Business Hwy. 83<br>Suite 600<br>McAllen, TX 78501<br><br>JAVIER PENA, ESQ.<br>203 S. 10th Avenue<br>Edinburg, TX 78539 |
| For Defendants: | MARK J. COURTOIS, ESQ.<br>Funderburk Funderburk Courtois<br>2777 Allen Parkway, Suite 1000<br>Houston, TX 77019<br><br>LANCE A. KIRBY, ESQ.<br>Jones Galligan Key & Lozano<br>2300 W. Pike Blvd., Suite 300<br>Weslaco, TX 78596<br><br>VICTOR V. VICINAIZ, ESQ.<br>Roerig Oliveira Fisher<br>10225 N. 10th St.<br>McAllen, TX 78504 |

1 **McAllen, Texas; Thursday, January 9, 2020; 1:45 p.m.**

2 **(Ruling of Court)**

3 **THE COURT:** The court's prepared to rule if that's what you-all would like. It sounds like maybe there is some room for negotiation but if not, the impediment to that if you-all want to talk one last time, otherwise the court's ready to rule and make a decision. All right.

8 **MR. SPEAKER:** We're ready for a ruling, your Honor.

9 **THE COURT:** All right. So in both of these cases it's the burden of the plaintiff who's asking for this extraordinary relief before a trial on the merits to prove by a preponderance of the evidence the four elements required for a preliminary injunction or a temporary restraining order. Those four elements are substantial likelihood that the movant will eventually prevail on the merits; a showing that the movant will suffer irreparable injury unless the injunction issues; proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and four, a showing that the injunction if issued would not be adverse to the public interest.

21 The focus of the testimony and evidence have been mainly on the first two issues but I guess a little bit on number three. There really isn't an junction the court doesn't seem would have any adverse effect on the public interest but it does infringe on property rights and private citizen but the

1  greater issues or I guess the easier issue to resolve here is

2  whether the government and the butterfly center have sustained

3  their burden of proving a substantial likelihood that they will

4  eventually prevail on the merits, and a showing that they will

5  suffer irreparable injury unless the injunction issues.

6       The court has heard evidence, multiple hearings from

7  various experts on the issue.  And the court finds all that

8  evidence to be of any potential injury to be highly

9  speculative.  The words by Mr. Tompkins today talked about

10 terms of whether there would be any damage to the butterfly

11 property was, and I quote, "not inconceivable."  That's not the

12 burden of proof that is required under our standards that I

13 find to be speculative and not proof of a substantial

14 likelihood of success on the merits.

15       The case is a little bit different on the government

16 because they're having to show in this case that the no -- that

17 a permit is needed or permission is needed -- or I guess a

18 no-objection letter is needed and that one has not been

19 obtained.  That's a given.  But one -- but then to show that

20 there would be an infraction such that a no-objection letter --

21 I'm sorry -- that an objection letter would come -- I guess a

22 favor to get a no-objection letter the government would have to

23 show that there is some effect on the river in excess of the

24 tolerances that the tree prescribes.  There has been legally

25 insufficient evidence presented by the government that there

1  would be any effect in violation of the treaty.  From the
2  evidence presented by the government, the court found that
3  evidence -- I don't know that it was speculative.  Dr. Mee
4  (phonetic) was just very candid.  I found him to be a very
5  credible witness, very believable, credentialed, was very
6  candid in saying he doesn't have any evidence that this would
7  violate the treaty but further information might reflect that.
8  Again, that's speculation.  And at this point of the
9  proceedings, the government has a burden of proving by a
10 preponderance that it has a substantial likelihood that would
11 prevail.  That doesn't meet that burden.
12         As a consequence, the court is not going to grant the
13 request for a preliminary injunction by the United States
14 government and denies the request for a temporary restraining
15 order as sought by the plaintiffs in the butterfly case.
16         Obviously things can change.  These denials are
17 without prejudice.  If events change or if the government or
18 the plaintiff feels they've marshaled evidence that is more
19 certain, more legally sufficient than what they've presented in
20 court over the last few hearings, the court will certainly
21 entertain any future requests for emergency relief.  Otherwise,
22 this case will be put on its normal scheduling order when we
23 meet for our initial pretrial conferences that I believe are
24 previously scheduled in this case.
25         The court is always available if the parties want to

1  discuss concerns with the court and agreements that they may
2  ask the court to enter.  Again, the court is always available
3  to do that.
4           That is the court's ruling.  I'm not going to reduce
5  it to writing.  I believe this speaks for itself.  The court
6  simply is not granting the emergency relief requested by the
7  government and by the plaintiffs in this case.
8           All right.  That concludes the court's proceedings
9  here today.  Thank you-all for being here.  The court will be
10 in recess.
11          **THE MARSHAL:**  All rise.
12      **(Proceeding adjourned at 1:51 p.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                         January 9, 2020
              Signed                                              Dated


*TONI HUDSON, TRANSCRIBER*