UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO.   7:19-CV-403 |
| FISHER INDUSTRIES, FISHER SAND AND GRAVEL CO., AND NEUHAUS & SONS, LLC, et al. | § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FRCP 26(F)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

    Counsel for the parties conferred via email correspondence on January 24 and 27, 2020. Participating in the email correspondence were

    A.    Plaintiff, United States of America, E. Paxton Warner, Assistant United States Attorney, 1701 W. Bus. Highway 83, Suite 600, McAllen, TX 78501, Phone: (956) 618-8010;

    B.    Defendant Neuhaus & Sons, LLC's counsel Lance Alan Kirby of the law firm Jones Galligan Key & Lozano, LLP, 2300 W Pike Blvd, Suite 300, Weslaco, TX 78596, Phone (956) 968-5402;

    C.    Defendants Fisher Sand and Gravel Co., Fisher Industries, and TGR Construction, Inc.'s counsel Mark Joseph Courtois of the law firm Funderburk Funderburk Courtois, LLP, 2777 Allen Parkway, Suite 1000, Houston, TX 77019, Phone (713) 620-7226.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    Civil Action No7:19-cv-00411; *North American Butterfly Association vs. Fisher Industries, et al.* in the United States District Court for the Southern District of Texas, McAllen Division. Plaintiffs in that matter have asked for the same injunctive relief as the United States in this matter, i.e, to restrain the construction of the fence

1

on the same property at issue in this case. The United States asserts that while the Plaintiffs in the related matter have asked for the same relief, the bases of their claims are different from those asserted by the United States.

3. **<u>Briefly</u> describe what this case is about.**

   In this case, Plaintiffs, the United States of America as Plaintiff filed a Complaint for Injunctive Relief against Defendants Fisher Industries, Fisher Sand and Gravel Co., TGR Construction, Inc. and Neuhaus & Sons, LLC. relating to the construction of a fence on the Neuhaus property near the Rio Grande River. In this case, the United States claims that pursuant to treaties with Mexico, the United States International Boundary and Water Commission ("IBWC") is charged with the legal responsibility to review and approve construction projects in the flood plain on the United States side of the River Grande River under the authority granted to the IBWC in the 1970 treaty to prohibit works that would cause deflection or obstruction of the normal flow of the Rio Grande River or its flood flows. The Court has sole jurisdiction. In this case, the United States sought injunctive relief to prevent the construction of a bollard wall/fence barrier on Defendant Neuhaus' private property. The United States asked that the project be halted until further information and studies are provided to the IBWC by Fisher. On January 9, 2020, following a multi-day hearing, this Court denied the United States' request for injunctive relief. As the Court is aware the parties have exchanged reports, studies, calculations and comments. On January 19, 2020, TGR Construction provided the IBWC with its revised report and calculations as requested by the IBWC, as well as a second series of 2D HEC-RAS models of pre and post construction analysis. TGR has represented to the Court and the IBWC that it will continue to work with the IBWC to resolve any issues. At this time, the IBWC is evaluating the most recent submittals, and the parties expect that given some additional time, there is a possibility this matter can be resolved.

4. **Specify the allegation of federal jurisdiction.**

   The United States alleges jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the Constitution, statutes, and Articles 23 and 24 of the 1944 Treaty between the United States and Mexico (*Utilization of Waters of the Colorado and Tijuana Rivers and of the Rio Grande,* US – Mex, Feb. 3, 1944, TS 944.).

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   The parties do not dispute federal court jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

   None.

**7.    List anticipated interventions.**

No interventions are anticipated.

**8.    Describe any class-action issues.**

There are no class-action issues.

**9.    State whether each party represents that it has made the initial disclosures required by FRCP 26(a).  If not, describe the arrangements that have been made to complete such disclosures.**

A significant amount of information has been exchanged by the parties as a part of the earlier ancillary proceedings relating to the denial without prejudice of the United States' request for a temporary injunction.  The parties continue to exchange relevant information.  The parties would ask the Court to delay the entry of a scheduling order for 45 days to allow the parties some additional time to finish the exchange of information and determine if the IBWC will issue a no objection letter or if there are issues that remain with regard to the IBWC's enforcement of the 1970 treaty.

**10.   Describe the discovery plan agreed by the parties by stating:**

   **A.    What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

   The parties suggest making disclosures due by March 30, 2020. Otherwise, no other changes.

   **B.    When and to whom the plaintiff anticipates it may send interrogatories.**

   If the Court grants the additional 45 days requested by the parties and the parties are unable to resolve the case, the United States anticipates sending written discovery to each of the Defendants upon the Court's entry of a scheduling order.

   **C.    When and to whom the defendant anticipates it may send interrogatories.**

   If this matter is not resolved shortly, Defendants anticipate they will send written discovery to Plaintiff.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

If the Court grants the additional 45 days requested by the parties and the parties are unable to resolve the case, the United States anticipates deposing Mr. Fisher, Neuhaus, and any other individuals which Defendants may name in disclosures or in responses to written discovery. The United States anticipates deposing individuals after receiving responses to written discovery.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

Should this matter not be resolved shortly, Defendants anticipate taking the depositions of representatives of the IBWC and any experts that they may retain or designate.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The United States anticipates it can designate experts and provide reports within four months of the Court's entry of a scheduling order in this matter.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

The United States anticipates taking the deposition(s) of any Defense designated expert(s) which Plaintiffs anticipate can be completed within 30 days of Defendants designation of experts and production of expert reports.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate they will take the deposition of any expert designated by Plaintiffs.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the plan as set forth herein.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery has been conducted to date.  Although documents relating to water modeling and lease documents have been provided to Plaintiffs by the Defendants.

**13.  State the date the planned discovery can reasonably be completed.**

The parties anticipate that the planned discovery can be completed by September 28, 2020.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties are hopeful that all issues will be resolved and/or a plan to resolve remaining issues can be presented within 45 days should the Court allow additional time for the parties to work toward a resolution of this matter prior to the entry of a scheduling order.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in open and productive discussions about the prompt resolution of the claims at issue in this case, and plan to continue to engage in such discussions as this matter progresses.

**16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The use of ADR is probably not warranted in this matter.

**17.  Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties are opposed to a trial before a magistrate judge.

**18.  State whether a jury demand has been made and if it was made on time.**

There has been no demand for a jury.

**19.  Specify the number of hours it will take to present the evidence in this case.**

The United States asserts that the related case should be tried separately as Plaintiffs in the related case have asserted state law claims that are not relevant

5

to the claims asserted by the United States. If this case is tried separately, the parties expect that evidence in this matter can be presented in 30 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    The hydraulic models and calculations in this matter are complex and require time to fully analyze. The parties request that the Court allow an additional 45 days for the parties to analyze the models and work toward resolving any issues raised as a result of the models prior to the entry of a scheduling order.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    A. **Counsel for Plaintiff(s) United States of America:**

    United States of America,
    E. Paxton Warner,
    Assistant United States Attorney,
    1701 W. Bus. Highway 83, Suite 600,
    McAllen, TX 78501
    Phone: (956) 618-8010;
    Email: paxton.warner@usdoj.gov

    B. **Counsel for Defendant Neuhaus & Sons, LLC:**
    LANCE A. KIRBY
    JONES, GALLIGAN, KEY & LOZANO, L.L.P.
    Texas Bar No. 00794096
    2300 West Pike Boulevard, Suite 300
    Weslaco, Texas 78596
    (956) 968-5402
    (956) 969-9402 Fax
    Email: lakirby@jgkl.com

    C.    **Counsel for Fisher Industries, Fisher Sand & Gravel Co., TGR Construction**

        Mark J. Courtois
        FUNDERBURK FUNDERBURK COURTOIS, LLP
        Texas Bar No. 04897650
        Email: mjcourtois@ffllp.com
        Direct: 713-620-7226
        2777 Allen Parkway, Suite 1000
        Houston, Texas  77019
        (713) 526-1801
        (713) 526-2708 - FAX

                Respectfully submitted,


*s/ E. Paxton Warner*                Date: January 27, 2020
E. Paxton Warner
Assistant United States Attorney
Counsel for Plaintiff
United States of America

*s/ Lance Kirby* by permission        Date:  January 27, 2020
Lance Kirby
Counsel for Defendant
Neuhaus & Sons, LLC


*s/ Mark J. Courtois* by permission    Date:  January 27, 2020
Mark J. Courtois
Counsel for Defendants
Fisher Industries,
Fisher Sand & Gravel, Co. and
TGR Construction, Inc.

7