UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO.   7:19-CV-403 |
| FISHER INDUSTRIES, FISHER SAND AND GRAVEL CO., AND NEUHAUS & SONS, LLC, | § § § § § | |
| Defendants. | § § | |

DEFENDANTS' FIRST AMENDED ANSWER to
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW FISHER INDUSTRIES, FISHER SAND AND GRAVEL Co, and TGR CONSTRUCTION, INC., Defendants in the above-entitled and numbered cause and, file this their First Amended Answer to Plaintiff's Second Amended Complaint and would respectfully show this court as follows:

I.

FIRST DEFENSE

Defendants would show that Plaintiff has waived enforcement of all federal laws and regulations relating to the subject property area for the construction of roads and physical barriers (including, but not limited to, accessing the project area, creating and using staging areas, the conduct of border of earthwork, excavation, fill, and site preparation, and installation and upkeep of physical barriers, roads, supporting elements, drainage, erosion controls, safety features, lighting, cameras, and sensors), in the project

1

area of which this property is included.  83 FR 51472, FR Doc. 2018-22063.

II.

SECOND DEFENSE

Defendants would show that the Plaintiff's treatment of these Defendants (the "Fisher Defendants"), violates the Fourteenth Amendment of the Constitution of the United States (the "Equal Protection clause"), in that the Plaintiff "IBWC" has treated the Fisher Defendants differently than other entities similarly situated, *i.e.* those seeking to build in the floodplain of the Rio Grande.  More specifically, the IBWC evaluates projects within the Rio Grande floodplain for compliance with the 1970 Boundary Treaty.  However, its investigations, evaluation, and approval of the projects and entities seeking to build them are and have been dissimilar and therefore violate the Equal Protection clause.

III.

THIRD DEFENSE

In specific response to the allegations contained in United States of America's Second Amended Complaint for Permanent Injunctive Relief, Defendants respectfully respond as follows:

1. The allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint are denied to the extent that Fisher Industries is not a subsidiary of any other Fisher company; rather it is not a separate legal entity but a trade name under which the Fisher companies are collectively referred.

2. The allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint are admitted.

3. The allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint are admitted.

4. The allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint are admitted.

5. The allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint are admitted.

6. The allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint are admitted.

7. The historical allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint have not been researched by this Defendant but on general information and belief are admitted.

8. The historical allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint have not been researched by this Defendant but on general information and belief are admitted.

9. The historical allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint have not been researched by this Defendant but on general information and belief are admitted.

10. The historical allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint are admitted.

11. The historical allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint are admitted.

12. The allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint are denied by these Defendants to the extent that not all projects in the US

floodplain have been required to submit hydraulic modeling.

13. The allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint to the extent that TGR Construction, Inc. obtained an interest in the Neuhaus property for the purpose of constructing a border fence, otherwise, the remaining allegations are denied.

15. The allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint are admitted to the extent that TGR Construction, Inc. obtained an interest in the Neuhaus property for the purpose of constructing a border fence, otherwise, the remaining allegations are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint are admitted to the extent that information was provided but denied as the characterization of that information.

17. The allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint are admitted.

18. The allegations contained in Paragraph 18 are admitted to the extent that a section of the subject property along the Rio Grande was cleared of growth and debris, and has placed materials in advance of constructing a fence.

19. The allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint are admitted to the extent that USIBWC did have communications with this Defendant, but denied to the extent of what was sent.

20. The allegations contained in Paragraph 20 of Plaintiff's Second Amended

Complaint are admitted.

21. The allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint are admitted to the extent that references were made that the fence would not be constructed until USIBWC completed its analysis.

22. The allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint are denied.

23. The allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint are admitted.

24. There is no paragraph 24.

25. The allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint are admitted to the extent that a fence has still not been constructed on the subject property, but denied to the extent that Plaintiff infers that the placement of rebar by itself equates to the construction of a fence structure.

26. The allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint are admitted.

27. The allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint are admitted.

28. The allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint are admitted to the extent that the Fisher Defendants completed construction on or about February 2020, but the remainder of the allegations contained therein are denied.

29. The allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint are denied.

31. The allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint are denied.

32. The allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint are denied.

40. The allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint are denied.

41. The allegations contained in Paragraph 41 of Plaintiff's Second Amended

Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint are denied.

43. The allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint are denied.

44. The allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint are denied.

45. The allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint are denied.

46. The allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint are denied.

47. The allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint are denied.

48. The allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint are denied.

49. The allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint are denied.

50. The allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint are denied.

51. The allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint are denied.

52. The allegations contained in Paragraph 52 of Plaintiff's Second Amended Complaint are denied.

53. The allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint are denied.

54. The allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint are denied.

55. The allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint are denied.

## IV.

### RECOVERY OF COSTS AND FEES

Pursuant to 28 U.S.C. Sec. 2412 Defendant requests the recovery of all allowable costs and fees incurred by it in the defense of this action brought by the United States of American.

WHEREFORE, PREMISES CONSIDERED, Defendants deny that equitable relief through a Permanent Injunction is necessary or appropriate and pray that the government's request for Injunctive relief and for the recovery of costs be denied. Defendants further seek the recovery of their costs and attorneys' fees in defending this action.

/s/ Mark J. Courtois
MARK J. COURTOIS
Texas Bar No. 04897650
Email: mjcourtois@ffllp.com
Direct: 713-620-7226

FUNDERBURK FUNDERBURK COURTOIS, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas  77019
(713) 526-1801
(713) 526-2708 - FAX

Attorneys for FISHER INDUSTRIES, FISHER SAND AND GRAVEL Co, and TGR CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

I, MARK J. COURTOIS, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known Filing Users AND has been accomplished by Notice of Electronic Filing pursuant to Local Administrative Procedure 9(a) on this, the 8th day of September, 2021.

/s/ Mark J. Courtois
MARK J. COURTOIS